ARTHUR C. FERGUSON *vs.* WINFIELD GARDNER, Applt.

Cumberland.     Opinion December 9, 1898.

*Writ. Indorser. R. S., c. 81, § 6; Stat. 1897, c. 254.*

Revised Statutes, c. 81, § 6, as amended by c. 254 of the laws of 1897, provides that all writs entered in court, in which the plaintiff is a non-resident of the state, must be indorsed, or other security for costs furnished, if the defendant, at the first term, shall move therefor.

A voluntary indorsement of the writ, by a sufficient person, before entry, is a substantial and effective compliance with the statute. After such indorsement, it is not error for the court to refuse to order another indorser on motion of defendant.

An indorsement, on the back of the writ, under the printed words "from the the office of" is a good indorsement.

AGREED STATEMENT.

Appeal from the Municipal Court of Portland to the Superior Court, for Cumberland County, where the parties made the following agreed statement:

"It is agreed that the plaintiff is a non-resident of Maine, the defendant a resident of Portland, Maine.

"On the writ following the words 'from the office of' is the signature of 'James A. Connellan' who is an attorney at law in Portland. On the return day of the writ before the judge of the Municipal Court, Portland, the defendant, through his attorney, filed a motion in that court that the writ be indorsed by a sufficient inhabitant of the State, or security for costs furnished by deposit in court, claiming that there was no indorser for costs. The judge overruled the motion and decided that no other indorser was required, the attorney signing as aforesaid being sufficient as indorser.

"The case was brought by appeal duly taken to the Superior Court for Cumberland County.

"The question of the financial sufficiency of the plaintiff's attorney as indorser is not raised. No question is raised as to the form of motion filed. On the above statement the opinion of the law court is requested as to whether the attorney signing as aforesaid is sufficient as indorser for costs, in accordance with §§ 6 and 8 of chapter 81 of the Revised Statutes as amended by chapter 254 of the Laws of 1897."

*James A. Connellan and Levi Turner*, for plaintiff.

*Charles J. Nichols*, for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, STROUT, SAVAGE, JJ.

STROUT, J. The plaintiff, a non-resident of Maine, brought this action in the Municipal Court of Portland. On the back of the writ were the words, "from the office of," and under them the

signature of James A. Connellan, an attorney-at-law and a resident of Portland. The question is whether the writ was sufficiently indorsed, no question being made as to the financial responsibility of Connellan. Revised Statutes, c. 81, § 6, provides that all writs "before entry in court" shall be indorsed by some sufficient inhabitant of the State, when the plaintiff was a non-resident. If this was not done, the plaintiff has no standing in court and the action will be dismissed. Under this statute it has been held by this court that an indorsement like this was a compliance with the statute. *Stone* v. *McLanathan*, 39 Maine, 131; *Bennett* v. *Holmes*, 79 Maine, 51; and that the effect of such indorsement could not be defeated by other evidence, that such indorsement was not intended to create the statute liability. *Richards* v. *McKenney*, 43 Maine, 177.

It sometimes happened that through inadvertence such writs were not indorsed before entry, and a hardship resulted to the plaintiff. To remedy this, the legislature in 1897, c. 254, amended the provision in the revised statutes, and by that amendment provided that upon motion at the first term, the writ should be indorsed, or other security for costs furnished. Under this amendment an action may be entered without indorsement of the writ, but the defendant, if he desires security for costs, may obtain it on motion at the first term. No reason is perceived, why, under this statute, the plaintiff may not voluntarily do what he can be compelled to do. He need not wait for motion by defendant. He may do this before or after entry. In either case, the defendant is protected, as well as if it was done upon his motion. The object of the statute is to afford protection for costs; and it cannot be material, nor operate to the injury of defendant, if that security is voluntarily furnished by plaintiff at any time before the defendant asks it. The statute as amended does not in terms nor by implication forbid it. The ruling of the Municipal judge, that the indorsement is sufficient, was correct.

*Motion for indorser denied.*